UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23318-CIV-SEITZ/O'SULLIVAN

CARNIVAL CORPORATION, CARNIVAL
PLC and CUNARD LINE, LTD,

       Plaintiffs,

vs.

ROLLS-ROYCE PLC, ROLLS-ROYCE AB,
ROLLS-ROYCE NORTH AMERICAN HOLDINGS,
INC., ROLLS-ROYCE COMMERCIAL MARINE, INC.,
CONVERTEAM SAS f/k/a ALSTOM POWER
CONVERSION SA, CONVERTEAM, INC. f/k/a
ALSTOM POWER CONVERSION, INC., ROLLS-
ROYCE AB and CONVERTEAM SAS, jointly and
severally, d/b/a THE MERMAID CONSORTIUM,

       Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Carnival's Motion for Reconsideration of Order Denying Motion to Compel the Deposition of Sir John Rose, Chief Executive Officer and Director of Rolls-Royce, PLC and Supporting Memorandum of Law (DE# 184, 4/27/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Carnival's Motion for Reconsideration of Order Denying Motion to Compel the Deposition of Sir John Rose, Chief Executive Officer and Director of Rolls-Royce, PLC and Supporting Memorandum of Law (DE# 184, 4/27/10) is **DENIED** for the reasons stated herein.

## BACKGROUND

On April 22, 2010, the Court issued an Order (DE# 181) denying Carnival's motion to compel the deposition of Sir John Rose, the Chief Executive Officer of Rolls-

Royce Group, PLC, the parent company of the Rolls-Royce entities. Carnival's motion was denied because the Court was not persuaded that Mr. Rose possessed unique knowledge of the factual issues in this case. Id. Carnival has filed the instant motion seeking reconsideration of the Court's Order.

## ANALYSIS

Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) availability of new evidence and (3) the need to correct clear error or manifest injustice. Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999). Accordingly, "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

Carnival argues that reconsideration of the Court's Order (DE# 181) is proper in the instant case because it has uncovered new evidence which "[a]t a minimum, . . . raise questions regarding the level of knowledge or involvement of Sir John Rose in this case and appear to be inconsistent with his sworn statements." See Carnival's Motion for Reconsideration of Order Denying Motion to Compel the Deposition of Sir John Rose, Chief Executive Officer and Director of Rolls-Royce, PLC and Supporting Memorandum of Law (DE# 184 at 3, 4/27/10). Rolls-Royce responds that the instant

motion should be denied because "Carnival was undisputedly in possession of the alleged 'new evidence' when the motion was previously determined"[1] and "the alleged 'new evidence' does nothing to refute Mr. Rose's declaration establishing his lack of involvement in the facts at issue." See Rolls-Royce Defendants' Response to Carnival's Motion for Reconsideration of the Court's Order Denying Carnival's Motion to Compel the Deposition of Sir John Rose (DE# 186 at 1, 4/30/10).

Carnival's motion for reconsideration is denied. Carnival has not met its burden of showing that the Court should reverse its prior ruling based on the newly discovered evidence. The new evidence produced by Carnival shows that Mr. Rose, as CEO, was provided with courtesy copies of documents relating to issues affecting Rolls-Royce, PLC and its subsidiaries, including the Mermaid pods, but does not establish that Mr. Rose had unique knowledge about the facts of this case. For instance, in one of the emails relied on by Carnival (Exhibit A), Mr. Lanyado specifically states that Mr. Rose would need special briefings "but has limited time to understand the issues in depth." See Exhibit A (DE# 184-1, 4/27/10). Additionally, and as noted by Rolls-Royce, the depositions of Mr. Lowe and Mr. Ritchey, who clearly have direct knowledge regarding the facts of the instant case are scheduled for later this month. See Rolls-Royce

---

[1] Carnival states that it obtained the newly discovered evidence on the evening of April 20, 2010, before it filed its reply at noon on April 21, 2010 and before the Court issued its Order (DE# 181) on April 22, 2010. See Carnival's Motion for Reconsideration of Order Denying Motion to Compel the Deposition of Sir John Rose, Chief Executive Officer and Director of Rolls-Royce, PLC and Supporting Memorandum of Law (DE# 184 at 2, 4/27/10). Carnival states that the newly discovered evidence was produced as part of a flash drive production containing in excess of 69,000 and that "it exercised reasonable diligence . . . and could not have discovered this new evidence at an earlier date." Id. at 2-3. Carnival does not specify the date it uncovered the newly discovered evidence. For purposes of this Order, the Court will treat the documents identified by Carnival in the instant motion as new evidence.

Defendants' Response to Carnival's Motion for Reconsideration of the Court's Order Denying Carnival's Motion to Compel the Deposition of Sir John Rose (DE# 186 at 4, 4/30/10). Mr. Lowe is identified in an email as "Commercial Director-Marine." See Exhibit A (DE# 184-1, 4/27/10). Mr. Lowe's deposition is of particular importance because he either drafted or was a recipient of many of the newly discovered documents attached to the plaintiff's motion.  See Exhibit A (DE# 184-1, 4/27/10); Exhibit B (DE# 184-2, 4/27/10); Exhibit F (DE# 184-6, 4/27/10); Exhibit G (DE# 184-7, 4/27/10). Thus, presumably, Mr. Lowe would be able to respond to Carnival's inquiries regarding these documents at his deposition.

## CONCLUSION

Carnival has not shown through its newly discovered evidence that Mr. Rose has unique knowledge regarding the facts of this case. Accordingly, Carnival's Motion for Reconsideration of Order Denying Motion to Compel the Deposition of Sir John Rose, Chief Executive Officer and Director of Rolls-Royce, PLC and Supporting Memorandum of Law (DE# 184, 4/27/10) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **3rd** day of May, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
All counsel of record