UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-23318-CIV-SEITZ/O'SULLIVAN

CARNIVAL CORP., *et al.*,

        Plaintiffs,

v.

ROLLS-ROYCE PLC, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of the Order Granting in Part Rolls-Royce's Motion for Summary Judgment on Carnival's Fraud and Misrepresentation Claims [DE-284]. This dipute arises from Plaintiffs' dissatisfaction with the podded propulsion system they purchased and had installed on their ship, the Queen Mary 2. Rolls-Royce and Defendants Converteam SAS and Converteam AB designed, marketed, and manufactured the propulsion system, known as the Mermaid system, that Plaintiffs chose to install on the Queen Mary 2. Plaintiffs Second Amended Complaint contained eleven counts against Rolls-Royce. Rolls-Royce moved for summary judgment on all remaining claims against it and the Court granted Rolls-Royce's motion in part. In the Order Granting in Part Rolls-Royce plc and Rolls-Royce AB's Motion for Summary Judgment (the Order), the Court, among other things, granted summary judgment on Plaintiffs' fraud in the inducement, negligent misrepresentation, and fraudulent misrepresentation claims. Plaintiffs now move for reconsideration of those portions of the Order based on three arguments: (1) the Court erred by granting summary judgment on Plaintiffs' pre-selection fraud claims because Rolls-Royce's

motion for summary judgment did not raise as an issue the "knew or should have known" element of the fraud and misrepresentation claims; (2) record evidence establishes that Rolls-Royce did "know or should have known" that its representations were false; and (3) the Order makes findings of fact that are in dispute.

## I. Standard for a Motion for Reconsideration

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, Plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through-rightly or wrongly.... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]" *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation and citation omitted).

## II. Discussion

### A. The Motion for Reconsideration is Granted as to the Fraud Claims Relating to Selection of the Mermaid System

Plaintiffs argue that the Court erred by granting Rolls-Royce summary judgment on the fraud and misrepresentation claims that are based on Rolls-Royce's representations made to Plaintiffs prior to selection of the Mermaid system for use on the Queen Mary 2. Specifically, Plaintiffs argue that the Court erred by granting summary judgment based on an argument that was never raised in the Motion or Plaintiffs' response. The Court agrees. The Court granted summary judgment as to the claims for fraud and misrepresentation that led to selection of the Mermaid system based on Plaintiffs' failure to present evidence that established that Rolls-Royce knew or should have known that its pre-selection statements were false. However, a review of the moving papers demonstrates that this issue was never directly addressed by either party. Consequently, the Motion for Reconsideration is granted as to the fraud and misrepresentation claims based on pre-selection statements by Rolls-Royce.

However, the Court cautions Plaintiffs that the record seems to be almost devoid of the specific misrepresentations made prior to selection of the Mermaid system. In response to the Motion for Summary Judgment and in the present motion, Plaintiffs primarily rely on broad, general statements that Rolls-Royce made misrepresentations which led to Plaintiffs choosing the Mermaid system. Those statements do not particularize the specific factual, as opposed to opinion, statements that were made, who made them, to whom they were made, when they were made, how they were false, and how Plaintiffs relied on such statements in choosing the

3

Mermaid system. Such specifics are necessary to prove a fraud or misrepresentation claim.[1] Without proof of specifics, Plaintiffs' claims will be subject to a directed verdict at the close of Plaintiffs' case.

### B. The Motion for Reconsideration is Denied as to the Fraud and Misrepresentation Claims Arising from Post-Selection Statements by Rolls-Royce

Contrary to Plaintiffs' argument, the Court did not err in finding that Plaintiffs accepted delivery of the Queen Mary 2 for reasons other than the representations made by Rolls-Royce. In fact, the evidence indicates that Plaintiffs did not believe Rolls-Royce's representations that the problems with the Mermaid system had been resolved. As noted in the Order, just prior to delivery of the Queen Mary 2, Plaintiffs entered into an agreement with the shipyard that acknowledged that Plaintiffs believed that there were still problems with the Mermaid system. Additionally, the CEO of Carnival very clearly stated in his deposition that while there were concerns about the Mermaid system, he was prepared to accept delivery of the Queen Mary 2 regardless of the problems. Thus, there is no evidence that Plaintiffs relied on Rolls-Royce's alleged misrepresentations when Plaintiffs accepted delivery of the Queen Mary 2. Furthermore, this appears to be nothing more than an attempt to reargue the issues raised in the Motion for Summary Judgment regarding reliance at the time of delivery. Thus, reconsideration of this portion of the Order is denied.

---

[1] If Plaintiff has not included such specifics in the Joint Pretrial Stipulation, Plaintiffs shall file a supplement to the Joint Pretrial Stipulation that separately sets out each of the statements of fact upon which Plaintiffs' relied in choosing the Mermaid system and on which Plaintiffs' fraud and misrepresentation claims are based. This information is necessary for the Court to properly craft the jury instructions and the verdict form. Plaintiffs shall file such supplement by **November 24, 2010 at noon. Failure to do so shall result in dismissal of the remaining fraud and misrepresentation claims.**

### C. The Motion for Reconsideration is Denied in Part as to the Court's Factual Findings

Plaintiffs' Motion, in a table on pages 13-14, lists six factual findings in the Order and then shows how the factual findings are in dispute. Items 1-3 in the table deal with findings of fact made in conjunction with the Court's discussion of the pre-selection fraud claims. Given the Court's finding in section III. A., above, the Court grants the motion for reconsideration of these findings.

Plaintiffs' arguments regarding items 4-6 in the table are clearly an attempt to reargue issues previously raised and argued as part of the Motion for Summary Judgment. Item 4 in the table finds that the Order erred by stating that the selection of the Mermaid system occurred in March or April 2000. This is a typographical error. While on page 14 of the Order, the Court refers to a "March or April 2000" selection date, in the section of the Order, titled "Undisputed Facts," the Court refers to a March or April 2001 selection date. *See* DE-265 at 3-4. Thus, there is no factual error, just a simple typographical error on page 14 of the Order. Item 5 argues that the Court erred in finding that Siemens was not a serious candidate to supply the propulsion system for the Queen Mary 2. In their Motion, Plaintiff have provided no evidence to show otherwise. While there is evidence that Siemens was a candidate, there is no evidence that consideration of Siemens as the supplier of the propulsion system ever advanced beyond a preliminary stage. Consequently, the Court did not err. Item 6 alleges that the Court erred by finding that there is no evidence that advertising Rolls-Royce's advertising materials were disseminated to anyone other that Plaintiffs. To support their claim of error, Plaintiffs point to two broad, general statements that Rolls-Royce disseminated advertising and marketing materials to the general maritime industry. However, Plaintiffs have provided no specifics – no

copies of the alleged disseminated materials, no evidence to whom the materials were disseminated, and no evidence when the materials were disseminated. Thus, the Court did not err in its findings and reconsideration regarding these findings of fact is denied.

Accordingly, it is hereby

ORDERED that:

1. The Plaintiffs' Motion for Reconsideration of the Order Granting in Part Rolls-Royce's Motion for Summary Judgment on Carnival's Fraud and Misrepresentation Claims [DE-284] is GRANTED in part and DENIED in part:

>a) It is GRANTED as to Plaintiffs' fraud and misrepresentation claims based on representations made prior to selection of the Mermaid system and as to the related factual findings, Plaintiffs' items 1-3.

>b) It is DENIED in all other respects.

2. Plaintiffs' Request for Oral Argument [DE-285] is DENIED.

3. If necessary, Plaintiffs shall file a supplement to the Joint Pretrial Stipulation by November 24, 2010 at noon. **Failure to do so shall result in the dismissal of all remaining fraud and misrepresentation claims.**

DONE AND ORDERED in Miami, Florida this 22nd day of November, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record